UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RODNEY HUNTER | CIVIL ACTION NO. 03-1384-P |
| versus | JUDGE HICKS |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

A DeSoto Parish jury convicted Rodney G. Hunter ("Petitioner") of distribution of cocaine, and the prosecutor sought to enhance the sentence for the conviction based on Petitioner's status as an habitual (second) felony offender. Petitioner was adjudicated a habitual offender, and the trial court imposed the mandatory-minimum enhanced sentence of fifteen years in prison. Petitioner pursued a direct appeal and a post-conviction application without success. He then filed this action seeking federal habeas corpus relief. It is recommended, for the reasons that follow, that relief be denied.

**Failure to Object to Admission of Other Crimes Evidence**

    **A. Background Facts**

The charges against Petitioner stemmed from an undercover operation in which two Caddo Parish deputies, Rick Farris and April Wright, were working undercover in the Mansfield area, together with a confidential informant ("CI") who directed them to known

drug dealing areas in the city. Their car was equipped with video and audio surveillance equipment.

The CI saw Petitioner and directed the deputies to him as a likely seller. Farris stopped the car, and the occupants called Petitioner over to the car to talk. Petitioner came to the window and Wright asked what he had. Petitioner said he had anything they wanted. At the request of Farris, Petitioner got in the front passenger seat of the car, which allowed the video camera to film him more clearly. A drug sale was concluded, and the buyers drove away.

The CI identified the seller as Glen Hunter, and a local deputy informed the undercover deputies that the suspect's full name was Rodney Glen Hunter. About five days after the transaction, Farris and Wright identified Petitioner from prior arrest photos. Deputies Farris and Wright testified at trial that Petitioner was the person who sold them cocaine.

**B. Use of Photos at Trial**

At trial, the prosecutor presented Deputy Farris a photograph of Petitioner, which Farris identified as one of the photographs the deputies used to identify Petitioner. Defense counsel asked to approach the bench. At the bench conference, he expressed concern that the photographs being shown were booking photographs or "mug shots" that should not be shown to the jury because they indicated arrest for other crimes. The judge noted that the prosecution had not yet offered to show the photos (one small photo and one larger "blow

up" version) and that he would ask the witness not to show a photo to the jury, but merely testify about how a photo was used for identification. The prosecutor responded that he would like for the jury to see the photo used, and he suggested that something could easily be done to block out any booking information with masking tape. The court instructed that, if the prosecution wanted to offer a photo to the jury, a copy be made that did not include any information to indicate that it was related to an arrest. Tr. 106-07. After the jury was charged and retired to deliberate, the trial judge explained for the record what had happened with the photographs. The smaller one had, for some reason, not survived the copying and editing process. The blow up version that was admitted was presented to defense counsel so he could "look at it and see if he has any objections he wishes to make for the record." Tr. 189-90. No objection was made.

**C. Motion For New Trial**

Petitioner filed a motion for new trial, and a hearing was held. The principal issue at the hearing was whether Deputy Farris had inappropriate contact with the jury during deliberations. Farris testified that he, at the direction of the trial judge, merely delivered evidence to the jury room. During the course of the hearing, the photos were discussed. The trial judge recalled that the smaller and larger photos were cut and pasted and put together to make an exhibit. He also recalled that he had sustained the defense's objection to displaying photographs to the jury until the redaction had been performed. Tr. 236.

Defense counsel expressed concern that the photo "was probably seen before those alterations were made" but he did not articulate any factual basis for that suggestion. The judge responded that the defense would need to produce a juror who said they saw such information and that it influenced their deliberations if the defense wished to meet its burden on that issue. Tr. 237. The trial judge issued an order denying the motion for new trial because he found "there was no misconduct on the part of the bailiff." Tr. 69.

**D. Appeal and Post-conviction Application**

Petitioner argued on direct appeal that the trial court wrongfully allowed the jury to consider other crimes evidence related to the photo. The appellate court reviewed the trial court proceedings discussed above. It held that Petitioner was procedurally precluded from arguing on appeal about the introduction of the edited photograph because defense counsel did not object, either at trial or in the motion for new trial, on the grounds that the edited photographs contained other crimes evidence. Tr. 338-39.

Petitioner then filed a post-conviction application. The district attorney did not, as required by the court's order, submit a copy of those post-conviction proceedings as part of the state court record. Fortunately, Petitioner did submit the relevant documents as exhibits to Doc. 5. The pages are not numbered, so no specific page references can be made. Petitioner argued that his attorney was ineffective because, before counsel objected and caused the editing work, the jury had already seen the photos. He also faults counsel for not moving for a mistrial. The district court judge summarily denied the application on the

grounds that it "had no basis in fact or in law." The Court of Appeal agreed and denied a writ application because Petitioner had "failed to demonstrate that the trial court erred in denying his claims." The Supreme Court of Louisiana simply ordered that a writ application was "Denied."

### E. Habeas Burden

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). Prejudice exists only if there is a reasonable probability that, but for the error, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.

The claims presented in this petition are properly reviewed under 28 U.S.C. § 2254(d)(1). That statute provides that a federal court may not grant habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The standard is quite demanding, and will seldom permit the granting of relief.

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court (1) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decided the case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S.Ct. 1495, 1519 (2000). Under the "unreasonable application" clause –– the clause that applies to most claims –– a federal court is permitted to grant the writ if the state court has identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the prisoner's case. Williams, 120 S.Ct. at 1523. Even if the federal court, in its independent judgment, has a firm conviction that the state court was incorrect in its application of a federal constitutional principle, that alone does not permit the federal court to grant habeas relief. Relief is not permitted unless the State court decision was so wrong as to be objectively unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003).

**F. Analysis**

The above discussion of the state court proceedings reflects that the court and counsel were sensitive to the potentially prejudicial nature of the photographs and took reasonable steps to prevent any prejudice. There is no evidence that the redacted photographs to which counsel offered no objection had unduly prejudicial information on them, and there is nothing but rank speculation that jurors saw the photographs before redaction. Even if other obstacles to a federal hearing were not present, conclusory assertions not backed by the articulation of specific facts do not merit a hearing. U.S. v. Edwards, __ F.3d __, 2006 WL 477116, n. 10 (5th Cir. 2006).

The trial transcript indicates that the jurors did *not* see the photographs prior to redaction, and there has been no contrary evidence submitted during the state or federal proceedings. The state court's resolution of the Strickland claim was entirely reasonable

under the circumstances. There is also no basis to conclude that any determination of facts the state courts made relevant to this question was unreasonable in light of the evidence presented. See 28 U.S.C. § 2254(d)(2). No relief is warranted on this claim.

**No Objection to Predicate Offense**

Petitioner's submission to this court argues that his counsel was ineffective because he did not establish at the habitual offender proceeding that a prior 1996 conviction used to enhance the sentence for the most recent conviction was constitutionally infirm. Petitioner adds that the sentence was imposed without the benefit of a valid plea of guilty, but he does not explain how he contends the plea was inadequate or what particular objection counsel should have raised.

The transcript of the habitual offender hearing shows that the evidence of the 1996 conviction included a bill of information that charged Petitioner with distribution of cocaine and minutes that reflect a guilty plea to a lesser charge of simple possession of cocaine. The prosecutor who was present at the time of that plea testified that Petitioner was the same person who entered the plea. Tr. 239-46. Defense counsel objected to the minutes that reflected the plea because there was no foundation to establish the authenticity of the exhibit. The court overruled the objection because the minutes were certified true copies, so were self-proving. Counsel offered no objection to the validity of the plea. Tr. 247.

The hearing was recessed to research a legal issue not relevant to this proceeding. When the hearing resumed, the prosecutor tendered the same exhibits, and defense counsel noted his prior objections without adding any others. Tr. 281-82. The judge imposed the minimum enhanced sentence of fifteen years. Tr. 296.

Among the issues raised on appeal was an argument that the state did not introduce sufficient evidence to establish the validity of the prior conviction under Boykin and related state law. Tr. 274. The argument was general in nature and did not identify any aspect of

Boykin requirements that were allegedly violated. The state responded in its brief by representing that the certified copy of the minutes from the 1996 plea showed that Petitioner was present in court with his counsel and advised by the court of his right to counsel, the maximum penalty and possibility of enhancement for subsequent convictions, the right to a presumption of innocence and to trial by jury or judge, the right to confront the state's witnesses, the right to compulsory process, and the right to an attorney at all stages of those proceedings. The state further represented that the minutes indicated that Petitioner said he understood those rights and made a knowing, intelligent and voluntary waiver before entering a plea of guilty. Tr. 331.[1]

The appellate court rejected the challenge because Petitioner did not file a written challenge to the previous conviction as required by a state statute, and he did not raise an objection at the sentencing hearing. The court proceeded, nonetheless, to find that "a review of the certified copies of the minute entries" for the 1996 guilty plea showed that Petitioner was represented by counsel and informed of his right to counsel, right to confront and cross-examine witnesses, and the right against self-incrimination. Tr. 343-44.

Petitioner presented the challenge again in the post-conviction proceedings. The undersigned has reviewed the submissions attached to Doc. 5 and finds that they presented the issue as a straightforward attack on the use of the prior conviction, just as was raised on appeal, rather than as a Strickland claim. There is no indication that Petitioner posed this issue as giving rise to a Strickland claim until he arrived in federal court. A habeas petitioner who relies on a different legal theory than he did in state court has not properly exhausted his state remedies. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (state court claim of denial of competent court-appointed psychiatrist did not exhaust related claim that counsel

---

[1] The district attorney did not file copies of the exhibits, including the minutes of the 1996 guilty plea, in the record submitted to this court. A supplemental submission would avoid any uncertainty on this point.

was ineffective for failure to introduce mitigating psychiatric evidence). The claim is, therefore, subject to dismissal for failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(1)(A).

The claim also lacks merit. Louisiana law permits the use of court minutes as well as transcripts and other documents to establish a valid plea if the plea is challenged at a habitual offender hearing. State v. Shelton, 621 So.2d 769, 779-80 (La. 1993). All indications are that the minutes established a valid guilty plea that complied with Boykin and related state law. Petitioner has, despite multiple opportunities (appeal, post-conviction application and federal habeas petition), failed to point to any particular aspect of the prior plea that was deficient and should have caused counsel to make an objection or take other action, the absence of which resulted in prejudice.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED** and that Petitioner's complaint be **DISMISSED WITH PREJUDICE.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 13th day of April, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE